**SUMMONS - CIVIL**
JD-CV-1 Rev. 9-08
C.G.S. §§ 1-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259; P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

MAS 0068590

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☐ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and o her papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | February 24 , 2 009 |

☒ Judicial District
☐ Housing Session
☐ G.A. Number:
At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford

Month February 24 Day Year 2009

Case type code (See list on page 2)
Major: T    Minor: 90

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| A. Paul Spinella, Esq., Spinella & Associates, One Lewis St., Hartford, CT 06103 | 413617 |

Telephone number (with area code) ( 860 ) 728-4900
Signature of Plaintiff (if self-represented)

| Number of Plaintiffs: 1 | Number of Defendants: 10 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Greenwald, Derek K., 304 Farmstead Road, Rocky Hill, CT 06067 Address: | P-01 |
| Additional Plaintiff | Name: Address: | P-02 |
| First Defendant | Name: Town of Rocky Hill Address: 761 Old Main Street, Rocky Hill, CT 06067 | D-50 |
| Additional Defendant | Name: Custer, Michael D., Chief of Police, in his official capacity Address: 699 Old Main St., Rocky Hill, CT 06067 | D-51 |
| Additional Defendant | Name: Custer, Michael D., Chief of Police, in his individual capacity Address: 699 Old Main St., Rocky Hill, CT 06067 | D-52 |
| Additional Defendant | Name: Catania, Lieutenant, in his official capacity Address: 699 Old Main St., Rocky Hill, CT 06067 | D-53 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should ta k to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left A. Paul Spinella, Esq. | Date signed 01/12/09 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the respons bility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST:

JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

I certify I have read and understand the above:
Signed (Self-Represented Plaintiff)
Date 1/12/ 8

Name and address of person recognized to prosecute in the amount of $250
John B. Kennelly, One Lewis Street, Hartford, CT 06103

| Signed (Official taking recognizance; "X" proper box) | ☐ Commissioner of the Superior Court ☐ Assistant Clerk | Date 01/12/09 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

Detective Roy Bombaci, Officer Joseph Phelps, Officer Jon P. Lammers, Officer Vanessa J. Bilotto
Officer Frank J Nevico

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**

JD-CV-2  Rev. 4-97

STATE OF CONNECTICUT
**SUPERIOR COURT**

FIRST NAMED PLAINTIFF *(Last, First, Middle Initial)*
Greenwald, Derek K.

FIRST NAMED DEFENDANT *(Last, First, Middle Initial)*
Town of Rocky Hill

### ADDITIONAL PLAINTIFFS

| NAME *(Last, First, Middle Initial, if individual)* | ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

### ADDITIONAL DEFENDANTS

| NAME *(Last, First, Middle Initial, if individual)*   ADDRESS *(No., Street, Town and ZIP Code)* | CODE |
|---|---|
| Catania, Lieutenant, in his individual capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 54 |
| Kulas, Sergeant Leonard A., in his official capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 55 |
| Kulas, Sergeant Leonard A., in his individual capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 56 |
| O'Brien, Detective Andrew, in his official capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 57 |
| O'Brien, Detective Andrew, in his individual capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 58 |
| Bombaci, Detective Roy, in his official capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 59 |
| Bombaci, Detective Roy, in his individual capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 60 |
| Phelps, Officer Joseph, in his official capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 61 |
| Phelps, Officer Joseph, in his individual capacity<br>699 Old Main Street, Rocky Hill, CT  06067 | 62 |
| Lammers, Officer Jon P., in his official capacity<br>699 Old Main Street, Rocky Hill, CT 06067 | 63 |

FOR COURT USE ONLY - FILE DATE

DOCKET NO.

**CIVIL SUMMONS-Continuation**

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2 Rev. 4-97

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

FIRST NAMED PLAINTIFF (Last, First, Middle Initial)
Greenwald, Derek K.

FIRST NAMED DEFENDANT (Last, First, Middle Initial)
Town of Rocky Hill

### ADDITIONAL PLAINTIFFS

| NAME (Last, First, Middle Initial, if individual) | ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

### ADDITIONAL DEFENDANTS

| NAME (Last, First, Middle Initial, if individual) / ADDRESS (No., Street, Town and ZIP Code) | CODE |
|---|---|
| Lammers, Officer Jon P., in his individual capacity 699 Old Main Street, Rocky Hill, CT 06067 | 54 |
| Bilotto, Officer Vanessa J., in her official capacity 699 Old Main Street, Rocky Hill, CT 06067 | 55 |
| Bilotto, Officer Vanessa J., in her individual capacity 699 Old Main Street, Rocky Hill, CT 06067 | 56 |
| Nevico, Officer Frank J., in his official capacity 699 Old Main Street, Rocky Hill, CT 06067 | 57 |
| Nevico, Officer Frank J., in his individual capacity 699 Old Main Street, Rocky Hill, CT 06067 | 58 |
| | 59 |
| | 60 |

| | | FOR COURT USE ONLY - FILE DATE |
|---|---|---|
| | 61 | |
| | 62 | |
| | 63 | DOCKET NO. |

**CIVIL SUMMONS-Continuation**

| | | |
|---|---|---|
| RETURN DATE:    02/24/09 | : | SUPERIOR COURT |
| DEREK K. GREENWALD | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |

TOWN OF ROCKY HILL,
MICHAEL D. CUSTER, CHIEF OF
  POLICE, in his official and individual
  capacity;
LIEUTENANT CATANIA, in his official
  and individual capacity;
SERGEANT LEONARD A. KULAS, in
  his official and individual capacity;
DETECTIVE ANDREW O'BRIEN, in his
  official and individual capacity;
DETECTIVE ROY BOMBACI, in his
  official and individual capacity;
OFFICER JOSEPH PHELPS, in his
  official and individual capacity;
OFFICER JON P. LAMMERS, in his
  official and individual capacity;
OFFICER VANESSA J. BILOTTO, in
  her official and individual capacity;
OFFICER FRANK J. NEVICO, in his
  official and individual capacity                    :        JANUARY 12, 2009

## COMPLAINT

I.    **PRELIMINARY STATEMENT**

   1.    This is a civil rights action in which the Plaintiff seeks relief for

the Defendants' violations of his rights secured and protected by the Civil Rights Act of

-1-

1871 (42 U.S.C. § 1983) and the rights secured by the Fourth Amendment of the United States Constitution, and for rights secured under Article One §§ 7, 8, and 9 of the Constitution of the State of Connecticut, Connecticut General Statutes §§ 52-557n and 7-465, and under the common law of the State of Connecticut.

2.      The Defendant Police Officers arrested the Plaintiff without probable cause, during the course of the arrest used excessive force against the Plaintiff, and acted in a reckless and negligent manner in detaining the Plaintiff.

3.      The Town of Rocky Hill and its Chief of Police Michael D. Custer are liable for the violations of the Plaintiff's federal and state law rights at the hands of the Defendant Police Officers because they have: (1) tolerated, condoned, and encouraged a policy and custom of arrest without probable cause and use of excessive force; (2) failed to properly and adequately monitor and investigate such incidents and to supervise and discipline the officers involved; (3) failed to train officers in responding to crisis situations involving emotionally disturbed individuals; and (4) created an atmosphere and culture in which police officers do not have to show probable cause before arresting a person, or use reasonable force in detaining a person.

4.      Statutory notice of the Plaintiff's claims and intention to bring this action was given to the Town of Rocky Hill, pursuant to § 7-101a and § 7- 465 of the Connecticut General Statutes (a copy of which notice is annexed hereto).

-2-

## II.    **PARTIES**

5.    The Plaintiff Derek Greenwald is a resident of Rocky Hill, Connecticut.

6.    The Defendant Town of Rocky Hill is a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut.

7.    The Defendant Michael D. Custer is the Chief of Police for the Town of Rocky Hill, is sued in his official and individual capacity, was at all relevant times acting under the color of law,  and is the final policymaker for the Town of Rocky Hill in the area of law enforcement.

8.    The Defendant Lieutenant Catania (first name unknown at this time) is an employee of the Town of Rocky Hill, is sued in his official and individual capacity, and, at all relevant times, was acting under the color of law.

9.    The Defendant Sergeant Leonard A. Kulas is an employee of the Town of Rocky Hill, is sued in his official and individual capacity, and, at all relevant times, was acting under the color of law.

10.    The Defendant Detective Andrew O'Brien is an employee of the Town of Rocky Hill, is sued in his official and individual capacity, and, at all relevant times, was acting under the color of law.

11.     The Defendant Detective Roy Bombaci is an employee of the Town of Rocky Hill, is sued in his official and individual capacity, and, at all relevant times, was acting under the color of law.

12.     The Defendant Officer Joseph Phelps is an employee of the Town of Rocky Hill, is sued in his official and individual capacity, and, at all relevant times, was acting under the color of law.

13.     The Defendant Officer Jon Lammers is an employee of the Town of Rocky Hill, is sued in his official and individual capacity, and, at all relevant times, was acting under the color of law.

14.     The Defendant Officer Vanessa Bilotto is an employee of the Town of Rocky Hill, is sued in her official and individual capacity, and, at all relevant times, was acting under the color of law.

15.     The Defendant Officer Frank Nevico is an employee of the Town of Rocky Hill, is sued in his official and individual capacity, and, at all relevant times, was acting under the color of law.

16.     The named Defendants in paragraphs 8 through 15 above are collectively referred to hereinafter as "the Defendant Police Officers."

17.     At all relevant times, the Defendant Police Officers acted jointly and in concert with each other, and each Defendant had the duty and the opportunity to

-4-

protect the Plaintiff from the negligent, reckless, willful, knowing and purposeful acts of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing the injuries and losses complained of herein.

III.   **STATEMENT OF FACTS**

18.   On November 9, 2007, the Defendant Police Officers responded to a call at the Plaintiff's residence.

19.   Upon arriving at the Plaintiff's residence, the Defendant Police Officers had knowledge that the Plaintiff was possibly in an emotionally and/or mentally distressed state of mind, and possibly possessed suicidal ideations.

20.   The Defendant Police Officers had no training, or insufficient training, in responding to a crisis situation involving a possibly emotionally and/or mentally distressed individual, such as the Plaintiff was at the time of the Defendant Police Officers arrival at his residence.

21.   The Defendant Police Officers entered the Plaintiff's property and located the Plaintiff in his backyard around a lit fire pit.

22.   At this time, the Defendant Police Officers knew, or reasonably should have known, the Plaintiff was unaware of their presence and that the Plaintiff could not see them in the dark from his location by the fire pit.  At no time did the Plaintiff threaten or pose a danger of bodily harm to any third party nor did the Defendants have facts to

-5-

believe to the contrary.

23.     Suddenly, three or more of the Defendant Police Officers drew their service weapons and abruptly shone their high power flashlights on the Plaintiff.

24.     The Defendant Police Officers began charging the Plaintiff with their flashlights and service weapons drawn and fixed on the Plaintiff.

25.     The Defendant Police Officers were screaming at the Plaintiff in an unintelligible, chaotic fashion as they charged him.

26.     The Plaintiff was terrified and startled by this sudden ambush in his backyard.

27.     Because of the darkness, and the blinding flashlight rays trained upon him, the Plaintiff could not reasonably identify the men rushing at him as police officers.

28.     Instinctively, the Plaintiff ran in the opposite direction of the charging men, who the Plaintiff did not know, or could not reasonably have known, where police officers.

29.     As the Plaintiff was running away, he heard one of the men chasing him yell, "I've got a shot!" to which another responded, "Take it!"

30.     The Plaintiff ran through a small wooded area behind his property to a commercial bus parking lot.

31.     Unknown to the Plaintiff, the Defendant Police Officers continued to track

-6-

the Plaintiff during this time.

32.    Spotting the Plaintiff walking along the sidewalk, the Defendant Police Officer's again turned their service weapons and flashlights on the Plaintiff without any warning or without coherently identifying themselves as police officers.

33.    The Plaintiff was again startled by this sudden ambush and because of the darkness, the blinding flashlights, and unintelligible screaming could not reasonably identify the men coming at him as police officers.

34.    Two or more of the Defendant Police Officers saw the Plaintiff fleeing in their direction at the top of a hill.

35.    The Defendant Police Officers at the top of the hill failed to adequately identify themselves as police officers to the approaching Plaintiff.

36.    Without proper warning, one or more of the Defendant Police Officers fired his service weapon at the Plaintiff.

37.    At least two shots were fired at the Plaintiff's midsection.

38.    By chance, the bullets pierced the Plaintiff's clothing but did not enter the Plaintiff's body.

39.    The Plaintiff tripped and fell to the ground.

40.    The Defendant Police Officers converged upon the Plaintiff's prone body, handcuffed, and detained him.

41.     The Plaintiff was then transported to the Rocky Hill Police station and placed under arrest.

42.     As a result of the actions and omissions of the Defendant Police Officers, as described above, the Plaintiff suffered disabling injuries, some of which may be permanent, including, but not limited to, post-traumatic stress disorder, depression, loss of dignity, anxiety, loss of professional job, loss of enjoyment of life's activities, emotional distress and psychological pain and suffering.

## IV.  CAUSES OF ACTION

### COUNT ONE
**(Violation of Fourth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983, and the Connecticut Constitution, Article One §§ 7, 8, 9 for Against All Defendants)**

43.     The Plaintiff incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

44.     The Defendant Police Officers did not witness the Defendant committing a crime.

45.     The Defendant Police Officers did not have third party information that the Plaintiff had committed, or was in the process of committing, a crime.

46.     The Defendant Police Officers did not have a warrant for the Plaintiff's arrest.

-8-

47.     The conduct and the actions of the Defendant Police Officers, as described above, constituted a false arrest for the Plaintiff was detained and placed under arrest despite a lack of probable cause that he had committed any crime.

48.     The Defendant Police Officers used unreasonable deadly force in detaining the Plaintiff, including firing shots at the Plaintiff.

49.     The amount of force used by the Defendant Police Officers to detain the Plaintiff was unnecessary and unreasonable under the circumstances to safely detain the Plaintiff.

50.     The Town of Rocky Hill and its Chief of Police Michael D. Custer had a policy or custom that promoted, condoned or was indifferent to arrest without probable cause and the use of excessive force by its police officers, including the Defendant Police Officers.

51.     The Town of Rocky Hill and its Chief of Police Michael D. Custer failed to properly and adequately monitor and investigate incidents of false arrest or use of excessive force and failed to supervise and discipline the officers involved in such incidents.

52.     The Town of Rocky Hill and its Chief of Police Michael D. Custer failed to train officers in responding to crisis situations involving emotionally and/or mentally disturbed individuals and the proper use of force in detaining such individuals, including

-9-

failure to implement and follow national standards for entering and resolving situations

involving a suicide risk, failure to implement policy and training for nonviolent measures

in responding to suicide risks, failure to send in an officer trained in dealing with suicide

risks.

53.    The Town of Rocky Hill and its Chief of Police Michael D. Custer created

an atmosphere and culture in which police officers do not have to show probable cause

before arresting a person, or use reasonable force in detaining a person.

**COUNT TWO**
**(Reckless and Negligent Conduct Against the Defendant Police Officers)**

54.    The Plaintiffs incorporate by reference the allegations set forth in

the paragraphs above as if fully set forth herein.

55.    The Defendant Police Officers acted with recklessness and/or negligence

in one or more of the following ways:

       a.    They failed and/or refused to determine whether the Plaintiff posed
          an actual threat to Defendants before beginning their assault on
          them;

       b.    They used deadly force against the Plaintiff although he exhibited
          no immediate threat to the Defendants;

       c.    They failed and/or refused to properly investigate the situation
          before using and/or allowing the use of excessive force against the
          Plaintiff;

-10-

    d.      They failed and/or refused to use reasonable care in responding to a call involving an emotionally disturbed person;

    e.      They failed and/or refused to properly identify themselves as police officers to the Plaintiff before attempting to detain him.

## COUNT THREE
**(Negligent Infliction of Emotional Distress Against Defendant Police Officers)**

56.    The Plaintiff incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

57.    The Defendant Police Officers were negligent in causing the Plaintiff to suffer emotional distress in that the Defendants should have realized  their conduct involved an unreasonable risk of causing emotional distress.

## COUNT FOUR
**(Liability Under Conn. Gen. Stats. § 52-557n as to Town of Rocky Hill)**

58.    The Plaintiffs incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

59.    Under Conn. Gen. Stats. §52-557n, the Town of Rocky Hill is liable for the injuries and losses caused by the negligent acts or omissions of the Defendant Police Officers, and its Chief of Police Michael D. Custer, acting within the scope of their employment or official duties.

60.    The Plaintiff was an identifiable victim of the Defendant Police Officers'

negligent acts and/or the policy or customs, or lack thereof, of the Chief of Police Michael D. Custer.

61.     The Defendant Police Officers' negligent acts, and/or the policy or customs, or lack thereof, of the Chief of Police Michael D. Custer, subjected the Plaintiff to imminent harm.

**COUNT FIVE**
**(Indemnification Under Conn. Gen. Stats. § 7-465 as to the Town of Rocky Hill)**

62.     The Plaintiff incorporates by reference the allegations set forth in the paragraphs above as if fully set forth herein.

63.     The Town of Rocky Hill is legally liable to pay on behalf of the Defendant Police Officers, and its Chief of Police, all sums that each Defendant becomes obligated to pay by way of damages awarded for the infringement of the civil rights and physical damages as a result of the events complained of herein pursuant to Conn. Gen. Stat. § 7-465.

RETURN DATE:     02/24/09                    :        SUPERIOR COURT

DEREK K. GREENWALD                           :        J.D. OF HARTFORD

V.                                           :        AT HARTFORD.

TOWN OF ROCKY HILL,
MICHAEL D. CUSTER, CHIEF OF
POLICE, in his official and individual
 capacity;
LIEUTENANT CATANIA, in his official
 and individual capacity;
SERGEANT LEONARD A. KULAS, in
 his official and individual capacity;
DETECTIVE ANDREW O'BRIEN, in his
 official and individual capacity;
DETECTIVE ROY BOMBACI, in his
 official and individual capacity;
OFFICER JOSEPH PHELPS, in his
 official and individual capacity;
OFFICER JON P. LAMMERS, in his
 official and individual capacity;
OFFICER VANESSA J. BILOTTO, in
 his official and individual capacity;
OFFICER FRANK J. NEVICO, in his
 official and individual capacity          :        JANUARY 12, 2009

<u>STATEMENT RE AMOUNT IN DEMAND</u>

The amount, legal interest or property in demand, not including interest and
costs, is more then $2,500.00

-14-

WHEREFORE, the Plaintiff demands the following relief:

1.     Compensatory damages against all Defendants;

2.     Punitive damages against all Defendants named in their individual capacity;

3.     A court order, under 42 U.S.C. § 1988, that the Plaintiffs are entitled the costs involved in maintaining this action and attorney's fees.

4.     Such other relief in law or equity as the Court may deem just and proper.

PLAINTIFF,

BY _____

A. Paul Spinella, Esq.
Spinella & Associates
One Lewis Street
Hartford, CT 06103
Telephone:  (860) 728-4900
Fax:  (860) 728-4909
Juris #: 413617

A TRUE COPY ATTEST:

_____

JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

-13-

PLAINTIFF,

BY _____

A. Paul Spinella, Esq.
Spinella & Associates
One Lewis Street
Hartford, CT 06103
Telephone: (860) 728-4900
Fax: (860) 728-4909
Juris #: 413617

A TRUE COPY ATTEST:

_____

JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

-15-

November 25, 2008

<u>**CERTIFIED RETURN RECEIPT REQUESTED**</u>

<u>**NOTICE OF INTENTION TO
COMMENCE CIVIL ACTION**</u>

TO:   Ronald McNamara
       Town Clerk
       Town of Rocky Hill
       761 Old Main Street
       Rocky Hill, CT 06067

Dear Mr. McNamara:

**NOTICE IS HEREBY GIVEN**, pursuant to Connecticut General Statutes §§ 7-101a and 7-465, *et seq.*, and all other pertinent statutory provisions, that **Derek K. Greenwald** intends to bring an action pursuant to the above statutes because of the damage to his person and property and deprivation of his civil rights under the United States Constitution and the Constitution of the State of Connecticut sustained as a result of an unlawful detention, arrest, search and seizure, excessive force, and other unlawful police action.

On November 9, 2007, police officers for the Town of Rocky Hill unlawfully detained, seized, harassed, used unreasonable deadly force, and arrested all without probable cause or lawful authority **Derek K. Greenwald** causing him to suffer serious injuries as a result. On the above date, police officers from the Town of Rocky Hill entered upon property owned by De4rek K. Greenwald without warrant and without exigent circumstances. Said police officers failed to properly identify themselves as police officers to Mr. Greenwald; instead, the officers chased Mr. Greenwald in the dark with their weapons drawn, eventually firing shots at him with intent to cause mental harm. The police officers who responded were not properly trained to deal with a crisis situation involving an emotionally and/or mentally disturbed individual, such as Mr. Greenwald. Further, the policies and customs of the Town of Rocky Hill's Police Department promoted, condoned, and/or was indifferent to the use of excessive force and arrest without probable cause by its officers. These actions by the Town of Rocky Hill police officers violated **Derek K. Greenwald's** rights protected and secured under the constitutions and laws of the United States and the State of Connecticut.

Page 1 of 3

DATE OF INCIDENT:            November 9, 2007.

TIME OF INCIDENT:            Approximately 6:00 p.m.

PLACE OF INCIDENT:           304 Farmstead Road
                             Rocky Hill, Connecticut

PERSON SUFFERING
DAMAGE:                      Derek K. Greenwald
                             304 Farmstead Road
                             Rocky Hill, Connecticut

INJURIES:                    Personal injuries, pain and suffering, emotional
                             distress, anxiety, depression, humiliation, loss of
                             enjoyment of life's activities, loss of reputation,
                             psychological pain and suffering.

PERSONS RESPONSIBLE
FOR DAMAGES:                 TOWN OF ROCKY HILL,
                             MICHAEL D. CUSTER, CHIEF OF POLICE,
                             LIEUTENANT LATANIA,
                             SERGEANT LEONARD A. KULAS,
                             DETECTIVE ANDREW O'BRIEN,
                             DETECTIVE ROY BOMBACI,
                             OFFICER JOSEPH PHELPS,
                             OFFICER JON P. LAMMERS,
                             OFFICER VANESSA J. BILOTTO,
                             OFFICER FRANK J. NEVICO.

CLAIMANT,
DEREK K. GREENWALD

BY: _____

A. Paul Spinella, Esq.
Spinella & Associates
One Lewis Street
Hartford, CT 06103
Phone: (860) 728-4900
Fax: (860) 728-4909
Juris No. 413617

A TRUE COPY ATTEST:

JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

Page 3 of 3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ronald McNamara
Town Clerk
Town of Rocky Hill
761 Old Main Street
Rocky Hill, CT 06067

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x Billy J Ben
☐ Agent
☒ Addressee

B. Received by (Printed Name)     C. Date of Delivery
12/1/00

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒☒ No

3. Service Type
☒ Certified Mail     ☐ Express Mail
☐ Registered     ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7007 2560 0003 1473 5813

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Ronald McNamara Town of Rocky Hill
Street, Apt. No.; or PO Box No.
761 Old Main Street
City, State, ZIP+4
Rocky Hill, CT 06067

PS Form 3800, August 2006     See Reverse for Instructions

7007 2560 0003 1473 5813

---

RECEIVED FOR RECORD
ROCKY HILL TOWN CLERK

2009 JAN 21   A 11: 20

BY: Ronald K. McNamara

A TRUE COPY ATTEST:

JOHN R. GRIFFIN
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY