UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DEREK K. GREENWALD | : | NO.: 3:09CV00211 (VLB) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF ROCKY HILL; | | |
| CHIEF MICHAEL CUSTER, in his official and individual capacity; | : | |
| LIEUTENANT CATANIA, in his official and individual capacity; | : | |
| SERGEANT LEONARD A. KULAS, in his official and individual capacity; | : | |
| DETECTIVE ANDREW O'BRIEN, in his official and individual capacity; | : | |
| DETECTIVE ROY BOMBACI, in his official and individual capacity; | : | |
| OFFICER JOSEPH PHELPS, in his official and individual capacity; | : | |
| OFFICER JON P. LAMMERS, in his official and individual capacity; | : | |
| OFFICER VANESSA J. BILOTTO, in her official and individual capacity; | : | |
| OFFICER FRANK J. NEVICO, in his official and individual capacity | : | MARCH 23, 2009 |

## ANSWER AND AFFIRMATIVE DEFENSES

I.  **PRELIMINARY STATEMENT**

　　　　1.　　As to paragraphs 1 and 4, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

  2. Paragraphs 2 and 3 are denied.

## II. PARTIES

  1. As to paragraphs 5 and 16, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

  2. Paragraphs 6, 9, 10, 11, 12, 13, 14 and 15 are admitted.

  3. That portion of paragraph 7 which states: "The defendant Michael D. Custer is the Chief of Police for the Town of Rocky Hill, is sued in his official and individual capacity, was at all relevant times acting under the color of law" is admitted. As to the remainder of paragraph 7, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

  4. As to paragraph 8, the defendants admit that Captain Robert Catania is employed with the Rocky Hill Police Department and acted under color of law.

## III. STATEMENT OF FACTS

  1. Paragraph 18 is admitted.

  2. As to paragraphs 19, 21, 30, 37, 38, 39, 40 and 42, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

  3. Paragraphs 20, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, 35 and 36 are denied.

  4. As to paragraph 34, the defendants admit that Detective Andrew O'Brien and Sergeant Kulas saw the plaintiff running toward them on Farmstead Road with a shotgun pointed in their direction, prior to the time Detective O'Brien fired his weapon.

  5. As to paragraph 41, the defendants admit plaintiff was placed under arrest and transported to the Rocky Hill Police Department.

**IV.** **CAUSES OF ACTION**

**COUNT ONE**: (Violation of Fourth Amendment of the United States Constitution, pursuant to 42 U.S.C. §1983, and the Connecticut Constitution, Article One §§7, 8, 9 for Against All Defendants)

  1. As to paragraphs 43 and 45, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

  2. Paragraphs 44, 47, 48, 49, 50, 51, 52 and 53 are denied.

  3. Paragraph 46 is admitted.

**COUNT TWO**: (Reckless and Negligent Conduct Against the Defendant Police Officers)

  1. The answers to all previous paragraphs are hereby incorporated and made the answer to paragraph 54, as if fully set forth herein.

  2. Paragraph 55 is denied.

**COUNT THREE**: (Negligent Infliction of Emotional Distress Against Defendant Police Officers)

    1.    The answers to all previous paragraphs are hereby incorporated and made the answer to paragraph 56, as if fully set forth herein.

    2.    Paragraph 57 is denied.

**COUNT FOUR**:    (Liability Under Conn. Gen. Stat. §52-557n as to Town of Rocky Hill)

    1.    The answers to all previous paragraphs are hereby incorporated and made the answer to paragraph 58, as if fully set forth herein.

    2.    Paragraphs 59, 60 and 61 are denied.

**COUNT FIVE**:    (Indemnification Under Conn. Gen. Stat. §7-465 as to Town of Rocky Hill)

    1.    The answers to all previous paragraphs are hereby incorporated and made the answer to paragraph 62, as if fully set forth herein.

    2.    As to paragraph 63, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense to Count One**

    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense to Count One**

 The plaintiff's claims are barred by the Doctrine of Qualified Immunity.

**First Affirmative Defense to Count Two**

 Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense to Count Two**

 Plaintiff's claims are barred by the Doctrine of Governmental Immunity, pursuant to common law and Conn. Gen. Stat. §52-557n.

**Third Affirmative Defense to Count Two**

 The defendants' conduct was justified pursuant to Conn. Gen. Stat. §53a-19 and/or §53a-22.

**Fourth Affirmative Defense to Count Two**

 The plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses referred to in the complaint, in that he:

 a. failed to act as a reasonable prudent person under the circumstances;

 b. failed to obey the lawful command of a police officer;

 c. failed to submit to arrest, in violation of Conn. Gen. Stat. §53a-23;

 d. armed himself with a loaded shotgun and brandished it in the presence and direction of police officers;

 e. ran from the police, who were attempting to help him;

  f.  ran toward the police with the barrel of a loaded shotgun pointed in their direction; and

  g.  ran toward the police with the barrel of al loaded shotgun pointed in their direction while ignoring orders to stop and drop his weapon.

**First Affirmative Defense to Count Three**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense to Count Three**

Plaintiff's claims are barred by the Doctrine of Governmental Immunity, pursuant to common law and Conn. Gen. Stat. §52-557n.

**Third Affirmative Defense to Count Three**

The defendants' conduct was justified pursuant to Conn. Gen. Stat. §53a-19 and/or §53a-22.

**Fourth Affirmative Defense to Count Three**

The plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses referred to in the complaint, in that he:

  a.  failed to act as a reasonable prudent person under the circumstances;

  b.  failed to obey the lawful command of a police officer;

  c.  failed to submit to arrest, in violation of Conn. Gen. Stat. §53a-23;

  d.  armed himself with a loaded shotgun and brandished it in the presence and direction of police officers;

      e.      ran from the police, who were attempting to help him;

      f.      ran toward the police with the barrel of a loaded shotgun pointed in their direction; and

      g.      ran toward the police with the barrel of al loaded shotgun pointed in their direction while ignoring orders to stop and drop his weapon.

**First Affirmative Defense to Count Four**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense to Count Four**

Plaintiff's claims are barred by the Doctrine of Governmental Immunity, pursuant to common law and Conn. Gen. Stat. §52-557n.

**Third Affirmative Defense to Count Four**

The defendants' conduct was justified pursuant to Conn. Gen. Stat. §53a-19 and/or §53a-22.

**Fourth Affirmative Defense to Count Four**

The plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses referred to in the complaint, in that he:

      a.      failed to act as a reasonable prudent person under the circumstances;

      b.      failed to obey the lawful command of a police officer;

      c.      failed to submit to arrest, in violation of Conn. Gen. Stat. §53a-23;

      d.      armed himself with a loaded shotgun and brandished it in the presence and direction of police officers;

      e.      ran from the police, who were attempting to help him;

      f.      ran toward the police with the barrel of a loaded shotgun pointed in their direction; and

      g.      ran toward the police with the barrel of al loaded shotgun pointed in their direction while ignoring orders to stop and drop his weapon.

**First Affirmative Defense to Count Five**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense to Count Five**

Plaintiff's claims are barred by the Doctrine of Governmental Immunity, pursuant to common law and Conn. Gen. Stat. §52-557n.

**Third Affirmative Defense to Count Five**

The defendants' conduct was justified pursuant to Conn. Gen. Stat. §53a-19 and/or §53a-22.

**Fourth Affirmative Defense to Count Five**

The plaintiff's own negligence and carelessness contributed to and was a substantial factor in causing the injuries and losses referred to in the complaint, in that he:

      a.      failed to act as a reasonable prudent person under the circumstances;

      b.      failed to obey the lawful command of a police officer;

    c.      failed to submit to arrest, in violation of Conn. Gen. Stat. §53a-23;

    d.      armed himself with a loaded shotgun and brandished it in the presence and direction of police officers;

    e.      ran from the police, who were attempting to help him;

    f.      ran toward the police with the barrel of a loaded shotgun pointed in their direction; and

    g.      ran toward the police with the barrel of al loaded shotgun pointed in their direction while ignoring orders to stop and drop his weapon.

DEFENDANTS,
TOWN OF ROCKY HILL; CHIEF MICHAEL CUSTER, in his official and individual capacity; LIEUTENANT CATANIA, in his official and individual capacity; SERGEANT LEONARD A. KULAS, in his official and individual capacity; DETECTIVE ANDREW O'BRIEN, in his official and individual capacity; DETECTIVE ROY BOMBACI, in his official and individual capacity; OFFICER JOSEPH PHELPS, in his official and individual capacity; OFFICER JON P. LAMMERS, in his official and individual capacity; OFFICER VANESSA J. BILOTTO, in her official and individual capacity; OFFICER FRANK J. NEVICO, in his official and individual capacity


By   /s/ Thomas R. Gerarde
   Thomas R. Gerarde
   ct05640
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (Fax)
   E-Mail:  tgerarde@hl-law.com

## **CERTIFICATION**

      This is to certify that on March 23, 2009, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT 06103

                                                                    /s/ Thomas R. Gerarde
                                                                  Thomas R. Gerarde